[36 NYS3d 711]

In the Matter of ALEX ROZENZAFT, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 24, 2016

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Richard M. Maltz, PLLC*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated September 10, 2013 containing five charges of professional misconduct. Thereafter, by "Stipulation Amending Petition," the Grievance Committee and the respondent amended the petition to include only two charges. Charges three, four, and five in the original petition were withdrawn. After a preliminary conference on July 6, 2015, and a hearing on August 7, 2015, the Special Referee issued a report, which sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as this Court deems just and proper. The respondent has submitted papers, wherein he states that he does not oppose the motion and does not dispute any factual findings by the Special Referee, but asks the Court to refer this matter back to the Grievance Committee for issuance of a private reprimand or, in the alternative, a public censure.

Charge one, as amended, alleges that the respondent allowed nonattorneys to exercise control over his law practice, in violation of former Code of Professional Responsibility DR 1-104 (c) and DR 1-102 (a) (7) (22 NYCRR 1200.5 [c]; 1200.3 [a] [7]). From in or about 1999 to January 4, 2007, the respondent was the sole owner and only attorney in the law firm "Alex

Rozenzaft P.C.," located in Kings County. Prior to December 2004, the respondent practiced primarily personal injury law and had almost no practical experience in real estate law.

In 2001, the respondent hired Marina Dubin, a nonattorney, as a paralegal. In late 2004, Dubin introduced the respondent to her friend Alex Lipkin, a mortgage broker and real estate professional who worked with multiple lending institutions that needed attorneys to act as closing agents for residential real estate transactions. In or about December 2004, the respondent's law firm was approved to conduct residential real estate closings, primarily as a settlement attorney, for various subprime lenders, including Argent Mortgage, BNC Mortgage, Inc., Fremont Investment and Loan, Impac Lending, and Countrywide Home Loans.

From in or about December 2004 until on or about January 4, 2007, Dubin conducted hundreds of residential real estate closings on behalf of the respondent's law office, primarily as a settlement agent for subprime lenders. From in or about January 2005 until on or about January 4, 2007, with the respondent's knowledge and approval, Inna Kaminsky, a nonattorney freelance paralegal, conducted numerous residential real estate closings for the respondent's law office.

In or about December 2004, the respondent opened a real estate operating account entitled "Alex Rozenzaft P.C. Real Estate Operating Account," and a separate escrow account entitled "IOLA-Alex Rozenzaft P.C." at JPMorgan Chase Bank for his real estate practice. The respondent was the sole signatory on these accounts. He allowed Dubin and Kaminsky to use his signature stamp and/or to sign his name on checks from these accounts and on real estate closing documents. He allowed Kaminsky to issue checks to herself and her corporation, Professional Billing Services, from his operating and escrow accounts. He allowed Dubin to issue checks from his operating and escrow accounts to herself and her corporations, Duma Consulting and Expedia Realty.

By the fall of 2006, the respondent was working approximately 25 hours per week in a salaried position with LawMax, Inc., a litigation finance company, in Manhattan. On or about January 7, 2007, Dubin and approximately 22 other individuals were indicted in the United States District Court for the Southern District of New York on charges that they participated in an illegal scheme to defraud various financial institutions by submitting fraudulent applications for mortgages and home

equity loans. The respondent's law office, his operating account, and his escrow account were used by Dubin in furtherance of the above-described criminal activity.

On or about January 4, 2007, the respondent's escrow account was frozen by the United States government. As a result, between January 2007 and February 2008, approximately 65 checks drawn on the respondent's escrow account were dishonored.

On June 12, 2008, Dubin pleaded guilty to conspiracy to commit bank fraud and wire fraud, in violation of 18 USC § 1349.

Charge two alleges that the respondent failed to maintain required bookkeeping records for his attorney escrow account, in violation of former Code of Professional Responsibility DR 9-102 (d) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [d]; 1200.3 [a] [7]). The respondent failed to maintain an adequate ledger book or similar record of deposits into and withdrawals from his escrow account, as required.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has no prior disciplinary history.

The respondent asks that the following mitigating factors be considered in determining the appropriate sanction: his lack of a prior disciplinary record; his lack of venal intent; the absence of any prejudice to his clients, since any potential prejudice occurred when the mortgage application was processed; his reputation for honesty and trustworthiness; his inexperience in real estate matters; his remorse; and his cooperation with the Grievance Committee's investigation. The respondent highlights the fact that, unlike Dubin, who was criminally prosecuted and convicted, he was not. While the respondent admits that he should have more closely supervised his paralegals, he argues that Dubin's criminal activity has no relation to his failure to supervise her, and her criminal conviction should have no effect on the sanction imposed against him. The respondent contends that he was "not in any way implicated by [Dubin's] illegal conduct." The respondent further argues that his "misconduct had nothing whatsoever to do with the criminal activity."

Although it is true that the respondent was not charged or prosecuted by the federal authorities in connection with the

mortgage fraud, and that no evidence was presented in this case establishing that the respondent had actual knowledge of the fraud, it is undisputed that he allowed nonattorneys to exercise control over his law practice. More specifically, he allowed his two paralegals to conduct hundreds of real estate closings, without his supervision, and went so far as to allow them to use his signature stamp and/or sign his name on real estate documents and to issue checks from his operating and escrow accounts. We reject the respondent's contention that his misconduct "had nothing whatsoever to do with the criminal activity." The respondent overlooks the fact that his role as the settlement agent was necessary to finalize the real estate transactions and loans. As an attorney, the respondent gave his imprimatur to the transactions and disbursed the funds. Without his part, the transactions could not have been completed and the fraudulent scheme could not have been carried to fruition. As a consequence, the respondent enabled or facilitated the mortgage fraud scheme.

In view of the respondent's wholesale disregard of his duty to supervise his paralegals and his duty to comply with the disciplinary rules, we conclude that a suspension of two years from the practice of law is warranted.

ENG, P.J., RIVERA, DILLON, BALKIN and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Alex Rozenzaft, is suspended from the practice of law for a period of two years, commencing September 23, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 23, 2018. In such application, the respondent shall furnish satisfactory proof (1) that during the said period he refrained from practicing or attempting to practice law, (2) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Alex Rozenzaft, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Alex Rozenzaft, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Alex Rozenzaft, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).